IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE STAND 'N SEAL, PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1804<br>1:07-md-1804-TWT |
| WALTER ADAMS, et al.,<br>   Plaintiffs,<br>     v.<br>ROANOKE COMPANIES GROUP, INC., now known as Britt, Inc., et al.,<br>   Defendants. | CIVIL ACTION FILE<br>NO. 1:07-CV-686-TWT |

ORDER

This is a personal injury case. It is before the Court on the Defendants' Motion to Sever Plaintiffs' Claims or, in the Alternative, Motion for Separate Trials [Doc. 64]. For the reasons set forth below, the Defendants' Motion is DENIED.

I. Background

This is one of the personal injury cases involving the Stand 'n Seal "Spray-On" Grout Sealer. Stand 'n Seal was a consumer product used to seal ceramic tile grout in kitchens, bathrooms, and similar areas. The purported advantage of Stand 'n Seal

was that users could easily stand and spray the sealant onto the grout without the strain of using a brush and manually applying the sealant. The Plaintiffs say that the problems with Stand 'n Seal began when the manufacturer changed its chemical components. Stand 'n Seal was originally manufactured with a fluoropolymer chemical known as Zonyl 225.[1] But from April to May 2005, and again in July 2005, the manufacturer of Stand 'n Seal switched from Zonyl to a different fluoropolymer chemical known as Flexipel S-22WS. The Plaintiffs say that users of Stand 'n Seal immediately began experiencing respiratory problems, such as chemical pneumonitis, from exposure to Stand 'n Seal. By August 31, 2005, Stand 'n Seal with Flexipel was recalled.

In this case, the Plaintiffs are seven individuals who purchased and used Stand 'n Seal. They all purchased the product in Georgia. The Plaintiffs assert claims for strict products liability, breach of warranty, and negligence against each of the companies involved in the manufacture, distribution, and sale of Stand 'n Seal with Flexipel. The Defendants now move to sever the claims of each Plaintiff, or in the alternative, order separate trials for each Plaintiff.

---

[1] Fluoropolymers are known for exceptional chemical resistance and high-temperature stability. The most commonly known fluoropolymer is probably the DuPont brand Teflon. Teflon is used in hundreds of products, including coating of non-stick frying pans.

## II. Legal Standard

"The question of joinder is purely one of procedure and is controlled by the federal rules." Doyle v. Stanolind Oil & Gas, Co., 123 F.2d 900, 903 (5th Cir. 1941).[2] Rule 20 provides that:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." Alexander v. Fulton County, 207 F.3d 1303, 1323 (11th Cir. 2000), overruled on other grounds by, Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003). Therefore, courts liberally interpret Rule 20. "It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Id.

If joinder is improper, then "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. And, even if joinder is proper, "[f]or convenience, to avoid prejudice, or to expedite

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).

III. Discussion

The Plaintiffs are properly joined under Rule 20 and separate trials are not necessary. The Plaintiffs each assert a right to relief arising out of the manufacture, distribution, and sale of Stand 'n Seal with Flexipel. Although the Plaintiffs purchased Stand 'n Seal at different times and suffered different injuries, their claims rely on the same core allegation: aerosolized Flexipel is hazardous. This core allegation satisfies the requirement of a series of logically related transactions or occurrences and the requirement of a question of law or fact common to all plaintiffs. See Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 251 (2d Cir. 1986) (allowing joinder where plaintiffs all alleged "the faculty valve stem seal as a single defect"); Poleon v. General Motors Corp., Civ. No. 1999-127, 1999 WL 1289473, at *2 (D.V.I. Jan. 05, 1999) (allowing joinder where plaintiffs all alleged the "malfunctioning of the brake system and the failure of the air bag system to deploy" as the defect). This core allegation also distinguishes this case from the cases cited by the Defendants. See Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (denying joinder where plaintiffs "had not demonstrated that any of the alleged similar problems resulted from a common defect"); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997)

(denying joinder where the plaintiffs "do not allege that their claims arise out of a systematic pattern of events").

The Defendants say that, even if joinder is proper, the Court should order separate trials for each Plaintiff. Because the Plaintiffs' claims rely on the same core allegation that aerosolized Flexipel is hazardous, separate trials would require redundant testimony that is not in the interest of judicial economy. There is some risk of jury confusion and prejudice, but that risk is minimized by the straightforward nature of the Plaintiffs' claims and the appropriate use of jury instructions. See Alexander, 207 F.3d at 1325 ("[T]he potential for prejudice was minimized because of the core similarities in [p]laintiffs' claims."); Hanley v. First Investors Corp., 151 F.R.D. 76, 80 (E.D. Tex. 1993) ("[The jury] will be instructed to keep each plaintiff's claim separate, and to force each plaintiff to prove his or her claim and damages separately."). In addition, a single trial will serve more effectively as a bellwether trial in this multidistrict litigation.

## IV. Conclusion

For the reasons set forth above, the Defendants' Motion to Sever Plaintiffs' Claims or, in the Alternative, Motion for Separate Trials [Doc. 64] is DENIED.

SO ORDERED, this 21 day of July, 2009.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge